IN THE MATTER OF: THE ESTATE OF JEWELL F. COLE, DECEASED

No. 8611SC5

(Filed 20 May 1986)

**Executors and Administrators § 5— appointment of administrator C.T.A.—no notice to those with higher preference of appointment**

The clerk of superior court could properly remove respondent as administrator C.T.A. where petitioner had a higher preference of appointment in that she was an heir and a beneficiary under the will, and no notice of the appointment of respondent was given to those with a higher preference of appointment as required by N.C.G.S. § 28A-4-1.

APPEAL by respondent from *Clark (Giles R.), Judge*. Judgment entered 25 October 1985 in Superior Court, LEE County. Heard in the Court of Appeals 8 May 1986.

The respondent Richard B. Hager appeals from an order of the superior court which affirmed an order by the acting clerk of superior court revoking letters of administration granted him. The respondent was appointed administrator C.T.A. of the estate of Jewell Cole on 16 April 1985. On 14 June 1985 Essie M. Shea-

han petitioned the court for revocation of the respondent's appointment.

The acting clerk of superior court held a hearing on Essie M. Sheahan's petition. The evidence at this hearing showed that by a will dated 27 January 1976 Jewell Cole nominated Orton J. Cameron as executor of her will. Jewell Cole died on 22 July 1984 and her will was probated on 16 April 1985. Orton J. Cameron renounced his right to administer the estate and asked that the respondent be appointed administrator C.T.A., which was done. No notice was given to the heirs or beneficiaries under the will that the respondent had applied for letters of administration. The will contained no provision for a substitute or successor executor or for the authority for anyone to nominate an executor. The respondent is not an heir of Jewell Cole or a beneficiary under her will. Essie M. Sheahan is the sister of Jewell Cole and a beneficiary under her will.

The acting clerk of superior court made findings of fact in accordance with the evidence and entered an order revoking the letters of administration C.T.A. The superior court affirmed this order and the respondent appealed.

*Love & Wicker, P.A., by Jimmy L. Love, for petitioner appellee.*

*Hager & Kinnaman, P.A., by James W. Herring, Jr., for respondent appellant.*

WEBB, Judge.

The respondent argues that he was properly appointed administrator C.T.A. and it was error to remove him. G.S. 28A-6-2(1) provides that letters of administration may not be issued to a person who does not have priority of appointment under G.S. 28A-4-1 without notice to all persons who have a higher preference of appointment. The appellee in this case is an heir at law and beneficiary under the will of Jewell Cole. She had a higher preference of appointment than respondent. The respondent should not have been appointed without notice to the petitioner and it was not error for the clerk to correct this error by removing the respondent as administrator C.T.A.

The appellant argues that G.S. 28A-4-1(b) sets forth the priority of those to whom letters of administration may be issued but provides that the clerk may deviate from this priority if in his discretion he "determines that the best interests of the estate otherwise require." He contends that there was no showing that he was not qualified to serve or that the clerk abused her discretion by appointing him. We do not reach this argument. Conceding that the respondent is well qualified to serve as administrator C.T.A. and that the clerk could in her discretion appoint him, the petitioner would nevertheless be entitled to notice before the appointment was made. She did not receive this notice.

The appellant also argues that the petitioner is not qualified to serve as administrator C.T.A. under G.S. 28A-4-2(4) because she is a non-resident of this state who has not appointed a process agent. We are not concerned in this case with the qualification of petitioner. Whether she can be appointed has no effect on our holding that it was not error to remove the respondent.

Affirmed.

Judges WHICHARD and JOHNSON concur.